Roy Roosevelt Ryder, Jr.
Reg. No. 90823-022
Federal Detention Center
P.O. Box 30080
Honolulu, Hawaii 96820

Mr. Peter C. Wolff, Jr. #2332
300 Ala Moana Blvd. Ste. 7104
Honolulu, Hawaii 96850-5269

Dear Mr. Wolff:

As my attorney of record, I am sending this letter to notify you of my decision to have you file a Motion to Withdraw Guilty Plea before sentencing based on the following grounds and Statement of Facts.

(1) Due Process Clause of the Fourteenth Amendment requires that a plea of guilty be made knowingly and voluntarily because it involves a waiver of constitutional rights. In the instant case, guilty plea was not voluntary as it was based solely on verbal promises by appointed counsel of downward departures if I plead guilty.

(2) Claim of ineffective assistance of counsel and the violation of Sixth Amendment right to effective assistance of counsel during all phases of the proceeding.

(3) Appointed counsel was not competent in advising the guilty plea, advice which fell short of the range of competence demanded of attorneys in criminal cases including telling the defendant "that if my brother could help with the DEA's investigation I would be guaranteed a 5K.1 downward departure from the government." (paraphrased)

(4) Appointed counsel for the defense should have known that there are no guarantees of the downward departure until or unless offered in writing by the government in a binding plea agreement that would break the mandatory minimum sentence. Counsel made no effort to negotiate such a plea agreement of behalf of the defendant nor investigate exculpatory evidence to support the defendant's claim of "actual innocence" of the offenses charged.

(5) Defendant plead guilty solely based on assurances of counsel none of which happened nor was any effort made by counsel to effect these promises. My decision to plead guilty was based solely on trusting my attorney's bad and imcompetent advice.

(6) Guilty plea was not done knowingly and intelligently as I didn't understand that I couldn't easily withdraw the plea and that I was waiving my Sixth Amendment trial rights. Furthermore, appointed counsel instructed me to admit to 50 grams or more of crystal methamphetimine that was not mine as part of the guilty plea. After the district court accepted the guilty plea, appointed counsel retired from the case and I haven't been represented by effective counsel until a few days before sentencing (almost one year later).

(7) There may have been fatal defects in the Rule 11 inquiry by the magistrate upon review of the transcript and these defects may have affected substantial rights of the defendant.

So Mr. Wolff, will you prepare and file this motion or not? I want to incorporate this into the record in both written and oral form.

Since sentencing is scheduled for Monday, February 13th, 2006 can you file a <u>Motion for Continuance</u> of the sentencing. Providing the district judge agrees to grant the <u>Motion to Withdraw Plea</u> then we can set a trial date for 60 - 90 days and prepare for trial.

If you file these motions on my behalf, then I can retain you as counsel. If you do not file these motions, then I will have to make a <u>Request for Substitute Counsel</u> in addition to filing these motions "pro se" if necessary to get them on the record.

Your immediate response to this letter and request is greatly appreciated.

Dated: February 8th, 2006                    By: _____
                                                  Roy Roosevelt Ryder, Jr.

ARGUMENT

Motions to withdraw a guilty plea filed prior to sentencing should be granted "if for any reason the granting of the privilege seems fair and just. Kercheval v. United States, 274 U.S. 220, 224 (1927). Although, the Kercheval standard is flexible, several factors can be identified that bear on the court's exercise of its discretion. (1) whether the defendant has asserted legal innocence; (2) length of the delay between entry of plea and desire to withdraw; (3) whether the defendant had the benefit of competent counsel.

In the instant case the defendant is asserting "actual innocence" and has determined even at this late date that he was poorly advised by counsel to plead guilty when there was a mandatory minimum applicable to the offense. Defendant would have decided to go to trial and prove his innocence which he know believes he can do. So in the instant case, excepting the length of delay between entry of plea and the desire to withdraw, the defendant meets two of the other Kercheval standards for review.

As for the excessive length of delay the defendant would argue that is due to his expectation that appointed counsel intended to deliver on a promise for a downward departure and that substitute counsel has only recently informed the defendant that such a departure was not forthcoming.