

1

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 03-00486DAE |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| ROY ROOSEVELT, JR.,    (02) | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

TRANSCRIPT OF PROCEEDINGS
BEFORE THE HONORABLE KEVIN S.C. CHANG
UNITED STATES DISTRICT COURT MAGISTRATE JUDGE
ON JULY 9, 2004

APPEARANCES:

For Plaintiff                    BEVERLY WEE SAMESHIMA, ESQ.
                                 Office of the U.S. Attorney
                                 300 Ala Moana Blvd., Room 6100
                                 Honolulu, HI  96850

For Defendant                    MICHAEL A. WEIGHT, ESQ.
                                 Office of the Federal Public
                                   Defender
                                 300 Ala Moana Blvd., Room 7102
                                 Honolulu, HI  96850

Transcriber                      JUVELYNN PUNZAL

Proceedings recorded by electronic sound recording,
transcript produced by transcription service.

HONOLULU TRANSCRIPTION SERVICES, LLC    (808) 306-0205

2

--oOo--

1

2  THE CLERK:  Criminal number 03-486DAE, United

3  States of America versus Defendant (02) Roy Roosevelt Ryder,

4  Jr.  This case has been called for a hearing on a motion for

5  withdrawal of not guilty plea and to plead anew.

6  MS. SAMESHIMA:  Yes, good afternoon, Your Honor.

7  Beverly Wee Sameshima on behalf of the United States.

8  THE COURT:  Good afternoon.

9  MR. WEIGHT:  Good afternoon, Your Honor.  Michael

10  Weight for the defendant.  Mr. Ryder is here.  We're ready

11  to do the change of plea.

12  THE COURT:  Good afternoon.

13  Mr. Ryder, is it your intention this afternoon to

14  plead guilty to Counts I and II of the Indictment?

15  MR. RYDER:  Yes.

16  THE COURT:  Before I can accept your guilty plea,

17  I must know that you understand what you're doing.

18  MR. RYDER:  Yes.

19  THE COURT:  That you're pleading guilty freely and

20  involuntarily, that there's a factual basis for your change

21  of plea, and that the end of justice would be met to allow

22  you to change your plea.

23  To make sure that you understand, I'm going to ask

24  you some questions.  If you do not understand any of the

25  words or the questions, will you please say so?

3

1       MR. RYDER:  Yes.

2       THE COURT:  Would you administer the oath?

3       THE CLERK:  (Administers oath to defendant.)

4       THE COURT:  Mr. Ryder, what is your full name?

5       MR. RYDER:  Roy Roosevelt Ryder, Jr.

6       THE COURT:  And how old are you?

7       MR. RYDER:  Twenty-eight.

8       THE COURT:  How far did you go in school?

9       MR. RYDER:  Seventh grade.

10      THE COURT:  Have you taken any medication,

11  alcohol, or drugs of any kind today?

12      MR. RYDER:  No.

13      THE COURT:  Do you feel well and alert today?

14      MR. RYDER:  Yes.

15      THE COURT:  Do you understand what is going on?

16      MR. RYDER:  Yes.

17      THE COURT:  Have you been treated recently for any

18  mental illness or addiction to narcotic drugs of any kind?

19      MR. RYDER:  No

20      THE COURT:  Mr. Weight, to the best of your

21  knowledge, is the defendant fully competent to enter a valid

22  plea today?

23      MR. WEIGHT:  Yes, he is.

24      THE COURT:  The Court finds that the defendant is

25  fully competent and capable of entering an informed plea.

4

1          Mr. Ryder, if you choose to enter a guilty plea in

2     this case, you have the right to enter that plea before a

3     United States District Judge.  If you consent, however, you

4     may enter your guilty plea before me, a United States

5     Magistrate Judge.  If you enter a guilty plea hear today,

6     Judge Ezra would impose sentence at a later hearing.  Do you

7     understand that?

8          MR. RYDER:  Yes.

9          THE COURT:  I have before me a document entitled,

10    "Consent to Rule 11 Plea in a Felony Case Before United

11    States Magistrate Judge."

12          Mr. Ryder, did you sign this form?

13          MR. RYDER:  Yes.

14          THE COURT:  Is it your wish to consent to enter

15    your plea before me, a Magistrate Judge, and to give up or

16    waive your right to enter that plea before a United States

17    District Judge?

18          MR. RYDER:  Yes.

19          THE COURT:  Mr. Weight, have you discussed the

20    consent form with your client?

21          MR. WEIGHT:  I have.

22          THE COURT:  And are you satisfied that he

23    understands it?

24          MR. WEIGHT:  Yes.

25          THE COURT:  Have you also signed the document?

5

1          MR. WEIGHT:  I have.

2          THE COURT:  The Court finds that the defendant has

3  consented to enter his plea before a United States

4  Magistrate Judge.

5          Mr. Ryder, have you received a copy of the

6  Indictment pending against you, that is the written charges

7  made against you in this case?

8          MR. RYDER:  Yes.

9          THE COURT:  Have you fully discussed the charges

10  and all of the facts surrounding the charge with Mr. Weight,

11  your attorney?

12          MR. RYDER:  Yes.

13          THE COURT:  Have you also received a copy of the

14  Special Information that was filed against you in this case?

15          MR. RYDER:  This one?

16          THE COURT:  The Special Information which alleges

17  that you were -- that you would be subject to enhanced

18  sentencing based upon a prior felony drug offense in the

19  First Circuit Court.

20          MR. RYDER:  I understand (unintelligible).

21          THE COURT:  Have you discussed all of the facts

22  and circumstances surrounding the charge with Mr. Weight,

23  your attorney?

24          MR. RYDER:  Yes.

25          THE COURT:  Are you fully satisfied with the

6

1  representation that you've received from Mr. Weight, your

2  attorney in this case?

3         MR. RYDER:  Yes.

4         THE COURT:  Mr. Weight, are the defendant's guilty

5  pleas before the Court today pursuant to your advice and

6  recommendation?

7         MR. WEIGHT:  They are, Your Honor.

8         THE COURT:  Mr. Ryder, has anyone made any promise

9  or assurance of any kind to you in an effort to get you to

10  plead guilty?

11         MR. RYDER:  No.

12         THE COURT:  Has anyone attempted in any way to

13  force you to plead guilty or to pressure you or threaten you

14  in any way?

15         MR. RYDER:  No.

16         THE COURT:  Ms. Sameshima, what are the maximum

17  possible penalties with regards to Counts I and II?

18         MS. SAMESHIMA:  Yes, Your Honor.  The maximum

19  penalties would be life in prison and the minimum penalties

20  with the Special Information would be twenty years mandatory

21  minimum imprisonment.  The terms of supervised release would

22  be minimum of ten years up to life.  And with respect to the

23  fine, it would be I believe eight -- zero to eight million

24  dollars and there is a special assessment for each count of

25  $100 for a total of $200.

7

1    THE COURT:  Mr. Weight, do you agree with that

2    summary as to the possible penalties?

3    MR. WEIGHT:  I agree that that is the correct

4    statement of the penalties.

5    THE COURT:  Mr. Ryder, do you agree with that --

6    do you understand that these are the possible penalties

7    which would apply if you entered guilty pleas to the charges

8    in this case?

9    MR. RYDER:  Yes.

10    THE COURT:  If you are convicted with more than

11    one offense, the Court has the authority to order

12    consecutive sentences.  If the Court did so, it would mean

13    that you would have to serve those sentences one at a time.

14    Do you understand that?

15    MR. RYDER:  Yes.

16    THE COURT:  During the period of supervised

17    release, you must comply with the set of conditions which

18    will be explained to you by a probation officer.  Those

19    conditions will include requirements that you will obey the

20    law, that you report as required to the probation officer,

21    and other conditions.  If the Court finds that you violated

22    any of those conditions, you could be required to serve

23    additional prison time.  Do you understand that?

24    MR. RYDER:  Yes.

25    THE COURT:  Are you presently on probation,

8

1    parole, or supervised release from any other case?

2              MR. RYDER:  Yes.

3              THE COURT:  And that's in the First Circuit Court,

4    yes?

5              MR. RYDER:  Yes.

6              THE COURT:  Do you understand that if you plead

7    guilty to the present charges, this might result in some

8    adverse action being taken with regards to your probation

9    from State court?

10             MR. RYDER:  Yes.

11             THE COURT:  Ms. Sameshima, does the United States

12   contend that any felony offense to which the defendant is

13   today enter a guilty plea accrue while he was released on

14   bond in relation to some other federal criminal charge?

15             MS. SAMESHIMA:  No.  No, Your Honor, not on

16   federal charge.  And, Your Honor, I probably wasn't clear,

17   but the penalties that I recited are with respect to both

18   Counts I and II.

19             THE COURT:  Yes.  You -- you understand that, Mr.

20   Ryder?

21             MR. RYDER:  Yes.

22             THE COURT:  If you are convicted of the charges in

23   this case, you may lose valuable civil rights including the

24   right to vote, the right to hold public office, the right to

25   serve on a jury, and the right to possess any kind of a

9

1   firearm.  Do you understand that?

2          MR. RYDER:  Yes.

3          THE COURT:  The United States Sentencing

4   Commission has issued guidelines for judges to use in

5   determining the sentence in a criminal case.  Mr. Ryder,

6   have you and your attorney talked about how those guidelines

7   might apply in your case?

8          MR. RYDER:  Yes.

9          THE COURT:  Do you understand that Judge Ezra may

10  be calculating your sentence based on guidelines issued by

11  the United States Sentencing Commission and that the

12  validity of the sentencing guidelines is being challenge

13  based on the recent United States Supreme Court decision?

14         MR. RYDER:  Yes.

15         THE COURT:  If the sentencing guidelines are found

16  to be invalid, Judge Ezra will determine your sentence based

17  on admissions that you made at this change of plea hearing.

18  Do you understand that?

19         MR. RYDER:  Yes.

20         THE COURT:  That is, if you admit to certain facts

21  at this change of plea hearing, Judge Ezra will rely on

22  those admissions at the time of sentencing and that your

23  admissions may increase your sentence.  Do you understand

24  that?  Yes?

25         MR. RYDER:  Yes.

10

1          THE COURT:  Do you understand that you do not have

2    to admit to factual matters in dispute, but if you make

3    admissions now, those admissions may affect your ability to

4    take advantage of possible developments in the law between

5    now and the time of you sentencing?

6          MR. RYDER:  Yes.

7          THE COURT:  Mr. Ryder, do you understand that the

8    Court will not be able to determine the guideline sentence

9    for your case until after the presentence report has been

10   completed and you and the government have had an opportunity

11   to challenge the reported facts and the application and the

12   application of the guidelines recommended by the probation

13   officer, and that the sentenced imposed may be different

14   from any estimate your attorney may have given you?

15          MR. RYDER:  Yes.

16          THE COURT:  Do you also understand that after your

17   guideline range has been determined, the Court has the

18   authority in some circumstances to depart from the

19   guidelines and to impose a sentence that is more severe or

20   less severe than the sentence called for by the guidelines?

21          MR. RYDER:  Yes.

22          THE COURT:  If the sentence is more severe than

23   you expected, you will still be bound by your plea.  Even if

24   you do not like the sentence imposed by the Court, you will

25   not be able to withdraw your plea.  The time to make that

11

1   decision is now.  Do you understand that?

2        MR. RYDER:  Yes.

3        THE COURT:  Parole has been abolished.  If you are

4   sentenced to prison, you will not be released on parole.  Do

5   you understand that?

6        MR. RYDER:  Yes.

7        THE COURT:  You have a right to plead not guilty

8   to any offense charged against you and to persist in that

9   plea.  You will then have a right to trial by jury.  During

10  that trial, you would have the right to assistance of

11  counsel for your defense, the right to see and hear all the

12  witnesses and to have your attorney cross-examine them, the

13  right to testify yourself or to decline to testify and

14  remain silent, and the right to have the Court issue

15  subpoenas for any witnesses you wish to call in your

16  defense.

17        At the trial you would be presumed to be innocent

18  and the United States would have the burden of proving that

19  you are guilty beyond a reasonable doubt.  Before you can be

20  convicted, all twelve jurors must be convinced that the

21  United States has met that burden.  If you are found guilty

22  after trial, you would have the right to appeal that

23  conviction to a higher court, and if you could not afford to

24  pay the cost of an appeal, the government would pay those

25  costs for you.

12

1      Do you understand that?

2          MR. RYDER:  Yes.

3          THE COURT:  If you plead guilty, however, and if

4   the Court accepts that plea, there will be no trial.  You

5   will be waiving or giving up your right to a trial and all

6   of the other rights I have described.  Do you understand

7   that?

8          MR. RYDER:  Yes.

9          THE COURT:  Also, so long as you plead not guilty,

10  you have the right to remain silent; but if you plead

11  guilty, you are waiving that right.  I will ask you some

12  questions about what occurred and you must answer those

13  questions truthfully under oath even if your answers

14  establish that you committed a crime.  Do you understand

15  that?

16         MR. RYDER:  Yes.

17         THE COURT:  Ms. Sameshima, would you summarize for

18  the Court and the defendant the essential elements which the

19  United States would be required to prove if there were trial

20  on the charges?

21         MS. SAMESHIMA:  Yes, Your Honor.

22         With respect to Count I, which is the conspiracy

23  court charging the defendant with conspiracy to distribute

24  and possess with intent to distribute 50 grams or more of

25  methamphetamine, its salts, isomers and salts and its

13

1    isomers, the government would have to prove beyond a

2    reasonable doubt the existence of an agreement between the

3    defendant and at least one other individual to commit and

4    illegal objective, in this case the distribution and

5    possession with intent to distribute 50 grams or more of

6    methamphetamine; that the defendant was a member of this

7    conspiracy and intended to accomplish one of the objectives

8    and that the conspiracy involved 50 grams or more.  Although

9    it is not an essential element, this is a material fact that

10   we would still have to prove beyond a reasonable doubt that

11   the conspiracy involved 50 grams or more of pure

12   methamphetamine.

13        With respect to Count II, the charge that

14   defendant knowingly possessed with intent to distribute a

15   controlled substance, the government would have to prove

16   first that the defendant knowingly possessed a controlled

17   substance, in this case methamphetamine, and that he

18   possessed it with intent to deliver it to another individual

19   and, third, that again a material fact that the possession

20   with intent to distribute did involve 50 grams or more of

21   methamphetamine.

22        THE COURT:  Mr. Weight, do you disagree in any

23   respect with that summary?

24        MR. WEIGHT:  No, that is a correct summary for

25   each offense.

14

1        THE COURT:  Mr. Ryder, do you understand that if

2   there were trial on the charges, the United States would be

3   required to present evidence sufficient to prove each of

4   these essential elements beyond a reasonable doubt with

5   regards to each of the offenses charged?

6        MR. RYDER:  Yes

7        THE COURT:  Ms. Same -- Ms. Sameshima, would you

8   also state any additional elements which the government

9   would be required to prove either by a preponderance of the

10  evidence or by proof beyond a reasonable doubt to establish

11  the basis for any enhancement of the defendant's sentence?

12       MS. SAMESHIMA:  I can't think of any right now

13  although I know that there was a gun that was found in the

14  vehicle.  But I guess the Court is trying to address the

15  Blakely issue at this point and I guess the government's

16  position is that Blakely does not apply to the federal

17  guidelines.  However, if at some point any court does find

18  that they do apply, the government's position would be then

19  the entire guideline scheme would be unconstitutional and,

20  therefore, we would ask the Court to sentence the defendant

21  just with the statutory maximum.

22       So that's the government's position.  So I'm not

23  in a position at this point to indicate that we agree that

24  Blakely requires us to prove certain enhancements and I

25  would ask the Court to also go through the Thomas waiver.

15

1    THE COURT:  I will.

2

3    MS. SAMESHIMA:  Thank you.

4    THE COURT:  Mr. Weight, any comment with regards

5    to Ms. Sameshima's last comments?

6    MR. WEIGHT:  No, Your Honor.  The defendant is

7    prepared this afternoon to enter a plea of guilty to the

8    elements as charged in the Indictment, no more, no less.

9    THE COURT:  Mr. Ryder, you've been charged in

10   Count I of the Indictment with a violation of Title 21

11   United States Code Section 846 which charges you with

12   conspiring to distribute and possess to distribute 50 grams

13   or more of methamphetamine, its salts, isomers or salts and

14   its isomers.  Do you understand this charge?

15   MR. RYDER:  Yes.

16   THE COURT:  Pursuant to Title 21 United States

17   Code Section 841(b)(1)(A), this charge carries a mandatory

18   minimum sentence of ten years and a maximum period of

19   imprisonment of life.  Do you understand that?

20   MR. RYDER:  Yes.

21   THE COURT:  There is also because of the Special

22   Information that's been filed in this case, the mandatory

23   minimum -- there is a 20-year mandatory term of imprisonment

24   instead of a mandatory minimum of 10 years.  Do you

25   understand that?

16

1        MR. WEIGHT:  Your Honor, with respect to that, I

2   would respectfully point out to the Court that the issue of

3   the applicability of that section may be in question in view

4   of the fact that (unintelligible), the case that says that

5   it still applies itself is now in question and that may be

6   litigated in the future to determine that it doesn't apply.

7   We're aware that as it stands now that -- that my client is

8   -- does have filed against him Special Information and he is

9   aware of that and he is aware of how it might apply.

10        THE COURT:  Mr. Ryder, is what Mr. Weight told me

11   correct?

12        MR. RYDER:  Yes.

13        THE COURT:  Do you understand this?

14        MR. RYDER:  Yes, sir.

15        THE COURT:  So do you understand that if that

16   situation as described by Mr. Weight were to apply, the

17   mandatory minimum in this case would be 20 years as opposed

18   to 10 years?

19        MR. RYDER:  Yes.

20        THE COURT:  In order for you to be punished under

21   either of the 10- or the 20-year mandatory minimum, the

22   government has the burden of proving to a jury beyond a

23   reasonable doubt that you possessed with intent -- excuse

24   me, that you conspired to distribute 50 grams or more of

25   methamphetamine, its salts, isomers, and salts and its

17

1  isomers.  Do you understand that?

2          MR. RYDER:  Yes.

3          THE COURT:  Do you waive your right to have a jury

4  determine both drug type and drug quantity with regards to

5  Count I in this case?

6          MR. WEIGHT:  Your Honor, with that respect -- in

7  that respect, we waive -- we -- we do not waive anything.

8  We plead guilty to his conspiring to possess 50 grams or

9  more of methamphetamine as charged in the Indictment.

10         MS. SAMESHIMA:  And, Your Honor, it's the

11  government's position that -- would be that we want to just

12  preserve our objection to the Court accepting a plea which

13  would preserve the defendant's right to a jury trial on the

14  quantity and waive with respect to the mandatory minimum

15  because it's our view that Blakely would not -- would not

16  affect the mandatory minimum.  So that extent, we want to

17  object to the acceptances of plea to that extent, but I --

18  but I don't think we can stop this from going forward.

19         THE COURT:  Well, let me do this, Mr. Weight, so

20  that the record is complete.  Let me just go back and go

21  through the Thomas colloquy with regards to Count II because

22  I'm going to come to the same point with regards to Counts I

23  and II.

24         In Count II of the Indictment, Mr. Ryder, you're

25  charged with a violation of Title -- Title 21 United States

18

1    Code Section 841(a)(1) and (b)(1)(A) which charges you with

2    possession with intent to distribute 50 grams or more of

3    methamphetamine, it's salts, isomers and salts and its

4    isomers.  Do you understand the charge?

5            MR. RYDER:  Yes.

6            THE COURT:  Pursuant to Title 21 United States

7    Code Section 841(b)(1)(A), this charge carries a mandatory

8    minimum sentence of 10 years and maximum period of

9    imprisonment of life.  Do you understand this?

10           MR. RYDER:  Yes.

11           THE COURT:  In this case, the government has filed

12   a Special Information which may increase or change the

13   mandatory minimum sentence from 10 years to 20 years and a

14   maximum period of life.  Do you understand that?

15           MR. RYDER:  Yes.

16           THE COURT:  In order for you to be so punished,

17   the government has the burden of proving to the jury beyond

18   a reasonable doubt that you possessed with intent to

19   distribute 50 grams or more of methamphetamine, its salts,

20   isomers and salts and its isomers.  Do you understand that?

21           MR. RYDER:  Yes.

22           THE COURT:  All right.  As with regards to Count

23   II, now with regards to Count -- excuse me.  As in the case

24   of Count I and now with regards to Count II, do you waive

25   the right to have a jury determine both drug type and

19

1  quantity in this case?

2          MR. WEIGHT:  The answer is no.

3          MR. RYDER:  No.

4          THE COURT:  Mr. Weight?

5          MR. WEIGHT:  Your Honor, again, the defendant is

6  here to enter a plea of guilty as charged in the Indictment

7  in both Counts I and Count -- Counts I and II.  He is

8  pleading guilty to conspiring to possess with intent to

9  distribute 50 grams of methamphetamine on the date in

10  question and the substantive count of actually possessing

11  with intent to distribute 50 grams on that date.  That's

12  what we're pleading to.

13          MS. SAMESHIMA:  Your Honor, I'll just note the

14  similar objection we made earlier.

15          THE COURT:  All right.  Is there any objection, in

16  addition to what's already been stated by the government and

17  the defense, to our proceeding with the plea at this time?

18          MR. WEIGHT:  No.

19          MS. SAMESHIMA:  No, Your Honor.

20          THE COURT:  All Right.  Mr. Ryder, would you tell

21  me in your own words what you did that constitutes the crime

22  charged in Count I of the indictment?

23          MR. WEIGHT:  Just -- if I might have just a

24  moment, Your Honor?

25          THE COURT:  Sure.  Um hmm.

20

1         MS. SAMESHIMA: Your Honor, before we go forward,

2  I just don't want to be confusing, but I -- I do object to

3  it going forward. But I guess my position is, I don't think

4  under the law I can prevent the plead from going forward,

5  but I have to make the objection.

6         THE COURT: Understood.

7         MS. SAMESHIMA: Okay.

8         THE COURT: Mr. Ryder, with regards to Count I,

9  what did you do?

10        MR. RYDER: I drove the car on September 22nd to

11  where they're supposed to be, the guy who sell them and

12  distribute (unintelligible).

13        THE COURT: Were you in agreement with defendant

14  Young?

15        MR. WEIGHT: In reference to the preparation or

16  distribution?

17        THE COURT: Yes.

18        MR. RYDER: Yeah.

19        THE COURT: And the purpose of your agreement was

20  or the objective of your agreement was?

21        MR. RYDER: To assist Matt.

22        THE COURT: To assist Matt in doing what?

23        MR. RYDER: Driving him.

24        THE COURT: Driving him to do what?

25        MR. RYDER: To sell them.

1          THE COURT:  So you and Matt intended to sell the

2    50 grams or more of methamphetamine, yes?

3          MR. RYDER:  Yes.

4          THE COURT:  Are you satisfied with Count I, Ms.

5    Sameshima?

6          MS. SAMESHIMA:  I -- I think I'm a little bit

7    unclear because as I understand it, Mr. Ryder earlier on

8    September 22nd, 2003 drove with Mr. Young and another

9    individual to another -- to meet with another individual for

10   the purpose of purchasing a pound which they then later took

11   to another individual's house, actually broke it down and

12   weighed it for distribution.  And I -- I didn't really get

13   that from what he said, but if -- if he's agreeing that

14   that's the case, then I think there's enough evidence.

15         MR. WEIGHT:  Your Honor, as I understand the

16   conspiracy, the conspiracy is that in the course of Matt

17   Young's distribution of or attempt to distribute a quantity,

18   50 grams or more of methamphetamine, to a third party that

19   Mr. Ryder helped him and that's what he said that he helped

20   him by driving the car and he knew that that was the purpose

21   of them going into the location where they went.

22         In addition, I believe my client is prepared to

23   admit that earlier in the day he had assisted Matt Young

24   weighing 50 grams or more of methamphetamine that turned out

25   to be Mr. Young's according to Mr. Young's statements to the

22

1    police.

2        MS. SAMESHIMA:  Oh, wait a minute now.  Can I --

3    can we have a break, Your Honor?

4        THE COURT:  Sure.

5        MS. SAMESHIMA:  Because --

6        MR. WEIGHT:  Your Honor, let me restate the facts

7    to make sure that we're clear on this.

8        Earlier in the day on the date in question, which

9    is the 22nd of September last year, it's my understanding

10    that Mr. Ryder is prepared to admit that earlier that day he

11    had accompanied Mr. Young when Mr. Young purchased a

12    quantity of drugs, 50 grams of methamphetamine or more.  And

13    that on that date Mr. Ryder assisted Mr. Young by weighing

14    and breaking down the quantity of drugs, 50 grams or more,

15    of methamphetamine that was later taken to the Windward City

16    Shopping Center with Mr. Ryder driving the car for Mr. Young

17    to make a delivery to the third party.

18        MS. SAMESHIMA:  That's fine.  I'm satisfied with

19    that if -- if that's what Mr. Ryder is also saying.

20        MR. WEIGHT:  Yes.

21        MS. SAMESHIMA:  Okay.

22        MR. WEIGHT:  Yeah.

23        THE COURT:  So the record is clear, did you hear

24    what Mr. Weight just told the Court?

25        MR. RYDER:  Yes.

23

1    THE COURT:  And Ms. Sameshima?

2    MR. RYDER:  Yes.

3    THE COURT:  Is what he told me true and correct?

4    MR. RYDER:  True and correct, yes.

5    THE COURT:  Then with regards to Count II, Mr.

6 Weight, would that proffer also apply?

7    MR. WEIGHT:  It would.

8    THE COURT:  With regards to Count II of the

9 Indictment, Mr. Ryder, the facts that Mr. Weight just told

10 me, you would agree that those facts also applied to Count

11 II of the Indictment?

12    MR. RYDER:  Yes.

13    THE COURT:  Ms. Sameshima, are you satisfied?

14    MS. SAMESHIMA:  I'm satisfied, Your Honor.

15    THE COURT:  All right.  Mr. Ryder, then how do you

16 now plead to the charge in Count I of the Indictment filed

17 on October 1, 2003, guilty or not guilty?

18    MR. RYDER:  Guilty.

19    THE COURT:  And how do you plead to the charge in

20 Count II of the Indictment, guilty or not guilty?

21    MR. RYDER:  Guilty.

22    THE COURT:  Mr. Weight, are you aware of any

23 reason why the Court should not accept the defendant's

24 guilty pleas?

25    MR. WEIGHT:  No.

24

1    THE COURT:  The Court finds that the defendant has

2    -- the Court finds that the defendant is fully competent and

3    capable of entering an informed pleas, that his pleas of

4    guilty are knowing and voluntary and supported by an

5    independent basis and fact containing each of the essential

6    elements of the offenses.  I am therefore signing the report

7    and recommendation concerning plea of guilty.  Pursuant to

8    Rule 11(e), sub. 2, of the Federal Rules of Criminal

9    Procedure, I recommend that the defendant be adjudged guilty

10   and have sentence imposed.  Objections to this report and

11   recommendation are waived unless filed and served within ten

12   days.

13        Mr. Ryder, I'm ordering our probation department

14   to prepare a presentence report in this case.  This is a

15   document about you and about this case which will assist the

16   judge in sentencing.  The probation officer will interview

17   you.  If you wish, your attorney may be present at that

18   interview.  You and your attorney will have the opportunity

19   to read the report before sentencing and to file any written

20   objections to its contents.  You and your attorney will also

21   have the opportunity to address the judge at the hearing

22   before the judge imposes sentence.

23        Date and time?

24        THE CLERK:  Sentencing to Counts I and II of the

25   Indictment is March 28, 2005 at 3:00 p.m., Judge Ezra.

25

1          THE COURT:  The defendant to re -- to remain in

2    custody pending sentencing pursuant to the earlier detention

3    order in this case.

4          Anything further, Ms. Sameshima?

5          MS. SAMESHIMA:  No.  Nothing further, Your Honor.

6    Thank you.

7          THE COURT:  Mr. Weight?

8          MR. WEIGHT:  No, Your Honor.

9          THE COURT:  We'll be in recess.

10          (Proceedings concluded.)

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

STATE OF HAWAII                )
                               )    ss.
CITY AND COUNTY OF HONOLULU    )

     I, JUVELYNN PUNZAL, certified court transcriber for the United States District Court for the District of Hawaii, do hereby certify that the foregoing is a true and accurate transcript from the electronic sound recording of the proceedings had in connection with the above entitled cause and was transcribed by me to the best of my ability.

     DATED at Honolulu, Hawaii this __23rd__ day of __August__, 2004.

                     Juvelynn Punzal, Transcriber